# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ALICIA TURNER, | Case No.: 2:16-cv-02932-APG-EJY |
| Plaintiff | **Order Accepting Report and Recommendation, Granting Motion for Remand, and Denying Motion to Affirm** |
| v. | |
| ANDREW SAUL,[1] Commissioner of Social Security, | [ECF Nos. 17, 20, 25] |
| Defendant | |

Plaintiff Alicia Turner filed an application for disability insurance on April 9, 2013 alleging she is physically disabled. The Social Security Administration denied Turner's application both when she filed it and on reconsideration. Administrative Law Judge Christopher Daniels held a hearing in March 2015 and ruled that Turner was not disabled. The Appeals Council denied Turner's request for review in October 2016. The ALJ's decision therefore became the Commissioner's final decision. Turner seeks review of that decision, asking me to reverse it or remand the case for further proceedings before the Commissioner.

Magistrate Judge Foley recommended that I grant Turner's motion to remand and deny the Commissioner's motion to affirm. ECF No. 25. The Commissioner objects, arguing that Judge Foley: (1) rejected the ALJ's decision to discount the opinion of Turner's treating physician on grounds that would "prevent an ALJ from ever relying on a medical consultant's opinion"; and (2) misapplied the substantial evidence standard to discount Turner's testimony.

---

[1] After the parties briefed the motion, Andrew Saul was sworn in as Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), I direct the clerk of court to substitute Andrew Saul for Nancy Berryhill as the respondent Commissioner of the Social Security Administration on the docket for this case.

ECF No. 27. Having reviewed the record de novo, I agree with Judge Foley so I grant the motion for remand and deny the motion to affirm.

## I. DISCUSSION

When a party objects to a magistrate judge's report and recommendation on a dispositive issue, the district court must conduct a de novo review of the challenged findings and recommendations. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," "receive further evidence," or "recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

The review of an ALJ's decision to deny benefits is limited to determining whether the ALJ's findings were supported by substantial evidence and whether the ALJ applied the appropriate legal standards. *Jamerson v. Chafer*, 112 F.3d 1064, 1066 (9th Cir. 1997). I may set aside the ALJ's determination only if the it is not supported by substantial evidence or is based on legal error. *Id.* "Substantial evidence means more than a scintilla, but less than a preponderance"; it is evidence that "a reasonable person might accept as adequate to support a conclusion." *Smolet v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (quotations omitted). If the evidence is subject to more than one rational interpretation, one of which supports the ALJ's decision, I must affirm. *See Morgan v, Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). I have the authority to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). I also may order the Commissioner to collect additional evidence, "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Id.*

If the ALJ's decision is not supported by substantial evidence, I may remand with instructions to award benefits rather than conduct further proceedings if: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

Turner is entitled to disability benefits under the Social Security Act if she "(a) suffers from a medically determinable physical or mental impairment . . . that has lasted or can be expected to last for a continuous period of not less than twelve months; and (b) the impairment renders the claimant incapable of performing the work that [she] previously performed and incapable of performing any other substantial gainful employment that exists in the national economy." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)). If Turner demonstrates that she cannot perform her prior work, the burden shifts to the Commissioner to show that Turner can perform a significant number of other jobs that exist in the national economy. *Hoopai v. Astrue*, 499 F.3d 1071, 1074-75 (9th Cir. 2007).

**A. Medical Evidence**

The ALJ assigned reduced weight to the opinion of Turner's treating physician, Dr. Ewa Olech. ECF No. 14-1 at 27. The ALJ reasoned that: (1) Dr. Olech's opinion that Turner was disabled was reserved to the Commissioner; (2) Turner saw Dr. Olech only sporadically; (3) Dr. Olech's opinion is inconsistent with Turner's daily activities; (4) Dr. Olech's opinion is vague and conclusory; and (5) the opinions of the state agency physicians should be given greater weight. *Id.* at 27-28. Magistrate Judge Foley concluded that the ALJ's decision was unsupported

because the state agency physicians offered their opinions in 2013, so they did not review Turner's medical records from 2014. ECF No. 25 at 26. The Commissioner objects, arguing that Judge Foley's recommendation "establishes a new rule that an ALJ may never rely on medical consultant opinions unless the consultant has reviewed the entire record." ECF No. 27 at 5.

"[T]he opinion of the treating physician is not necessarily conclusive as to either the physical condition or the ultimate issue of disability." *Morgan*, 169 F.3d at 600. The ALJ "must present clear and convincing reasons for rejecting the uncontroverted opinion of a claimant's physician." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). If contradicted by another physician, the treating physician's opinion can be rejected with specific and legitimate reasons supported by substantial evidence in the record. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).

Judge Foley's recommendation is narrower than as expressed by the Commissioner. Judge Foley does not recommend, and I do not accept, a categorical rule barring an ALJ from relying on a consulting physician who has not reviewed the whole record of medical evidence at the time of decision. Rather, Judge Foley notes that Dr. Olech's opinion, which was dated February 2015, "was not directly contradicted by the state agency physicians' 2013 opinions because they did not review Plaintiff's symptoms and medical treatment during 2014." ECF Nos. 25 at 26, 14-4 at 233. Because Dr. Olech's opinion on Turner's symptoms in 2014 and 2015 was uncontroverted, the ALJ was required to provide "clear and convincing reasons" to reject her opinion. *See Thomas*, 278 F.3d at 957. Having reviewed the ALJ's other reasons for rejecting Dr. Olech's opinion, I agree with Judge Foley that this case should be remanded for further proceedings on "the severity of [Turner's] symptoms in 2014 and their effect on her functional

capacity." ECF No. 26 at 31.  The record could benefit from further proceedings on this topic, so remand for additional proceedings is the appropriate remedy.

   **B. Turner's Testimony**

   The ALJ determined that Turner's "statements concerning the intensity, persistence, and limiting effects of [her] symptoms are not entirely credible" because they are inconsistent with other statements, her daily activities, and her course of treatment. ECF No. 14-1 at 26-27. Magistrate Judge Foley found that the ALJ "did not provide specific, clear, and convincing reasons for rejecting the credibility of [Turner's] testimony regarding the severity of her pain and limitations, particularly in 2014." ECF No. 25 at 29.  The Commissioner objects, arguing that Judge Foley flouted the substantial evidence standard by "essentially [holding] that the ALJ should have emphasized an alternate set of facts." ECF No. 27 at 7-9.

   A claimant's statements as to pain or other symptoms cannot, alone, be conclusive evidence of disability. 42 U.S.C. § 423(d)(5)(A).  The ALJ must engage in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. *Lingerfelter v. Astrue,* 504 F.3d 1028, 1035-36 (9th Cir. 2007).  First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment that could reasonably be expected to induce the pain or other symptoms that she has alleged. *Id.* Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014).

   I agree with Judge Foley that the ALJ did not provide "specific, clear, and convincing reasons" to discount Turner's statements.  As Judge Foley points out, the ALJ seized on two

5

incidents that were not factually developed to discredit Turner's testimony. ECF No. 25 at 28. The ALJ also discredited Turner's statements on grounds that they were inconsistent with a course of treatment that was not of the type one would expect for a totally disabled individual, but Turner received extensive treatment in 2014. The Commissioner's argument that Judge Foley misapplied the substantial evidence standard is misplaced. This record does not include "specific, clear, and convincing reasons" to reject Turner's statements, but the record could benefit from further administrative proceedings. So I remand for further proceedings on the credibility of Turner's statements in light of the concerns Judge Foley and I have identified, including Turner's course of treatment in 2014.

## II. CONCLUSION

I THEREFORE ORDER that, pursuant to Federal Rule of Civil Procedure 25(d), the clerk of court is directed to substitute Andrew Saul for Nancy Berryhill as the respondent Commissioner of the Social Security Administration on the docket for this case.

I FURTHER ORDER that defendant Andrew Saul's **objections (ECF No. 27)** are overruled and the report and recommendation **(ECF No. 25) is accepted**.

I FURTHER ORDER that plaintiff Alicia Turner's motion to remand **(ECF No. 17) is GRANTED** and defendant Andrew Saul's cross-motion to affirm **(ECF No. 20) is DENIED**. This action is **REMANDED** to the administrative law judge for further proceedings. The clerk of court is instructed to close this case.

DATED this 7th day of October, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE